## 7079. SOUTHERN FITTINGS AND FOUNDRY COMPANY v. WARFIELD.

Failure to specify an amount in the verdict did not render void for uncertainty a verdict for the plaintiff, in an action for a stated sum and interest thereon, to which there was a plea of set-off.

DECIDED JUNE 26, 1916.

Motion to set aside verdict, etc.; from city court of Savannah— Judge Davis Freeman.   November 13, 1915.

*P. W. Meldrim,* for plaintiff in error.

*Anderson, Cann, Cann & Walsh,* contra, cited:  *Barnes* v. *Strohecker,* 17 *Ga.* 340 (3), 348; *Schofield* v. *Little,* 2 *Ga. App.* 286 (7); *Phillips* v. *Behn,* 19 *Ga.* 298; *Mitchell* v. *Addison,* 20 *Ga.* 50; *Jackson* v. *Jackson,* 47 *Ga.* 99; *Johnson* v. *Jones,* 68 *Ga.* 825; *Harvey* v. *Head,* 68 *Ga.* 247; *Stewart* v. *Blalock-McCollum-Roberts Co.,* 139 *Ga.* 45 (6); *Whaley* v. *Kear,* 139 *Ga.* 16 (2); *Humphrey* v. *Johnson,* 143 *Ga.* 703; *Central Ry. Co.* v. *Mote,* 131 *Ga.* 170 (2); *Heinkin* v. *Barbrey,* 40 *Ga.* 249 (2); *Mize* v. *Mashburn,* 8 *Ga. App.* 408 (2); 29 Am. & Eng. Enc. L. (2d ed.) 1017; 23 Cyc. 1104, par. 3.

HODGES, J.   Courts should give to verdicts a reasonable intendment and construction and should not hold them void except from necessity.   Verdicts are to be construed according to the pleadings and issues in the case.   Civil Code, § 5927.   In this case there was a motion to set aside a verdict.   The suit was brought for the sum of $1,145.75, besides interest on $702.00 from July 8, 1907, and on $443.75 from July 7, 1907, according to an itemized statement attached to the petition.   The defendant filed a plea and answer containing a denial of indebtedness, and an amendment by way of set-off against the plaintiff's demand, in the sum of $1,150.38, besides interest, as per statement attached to the plea.   The plea prayed that this sum be set-off against the plaintiff's demand, and that the defendant recover judgment against the plaintiff for the amount of the excess of its demand over that of the plaintiff.   This plea of set-off was amplified by an amendment, which contained a similar prayer, claiming that the amount due the defendant was in excess of the demand sued on by the plaintiff, and that plaintiff was indebted to the defendant in the amount of the excess.   The verdict reads as follows:  "We, the jury, find for the plaintiff."   The contention is made that the verdict is void, in that it is too

vague and uncertain,—that it did not find or fix any sum in favor of the plaintiff upon which a legal judgment could be based. . We think the verdict is sufficiently certain as the basis of a judgment. The plaintiff prayed for a judgment against the defendant for a certain amount and interest thereon; the defendant prayed for a judgment against the plaintiff; the jury found for the plaintiff. The judgment entered on the verdict is not specified as material and is not contained in the record. In our opinion a proper construction of the verdict would be that the jury found in favor of the plaintiff for the full amount claimed in the petition, and against the contention of the defendant.          *Judgment affirmed.·*